Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000547
30-JUN-2014
11:31 AM

NO. CAAP-11-0000547

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff-Appellee, v.
JESSIE C.M. GACULA and HELEN L. GACULA, Defendants-Appellants
and
JOHN DOES 1-50 AND JANE DOES 1-50, Defendants

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(DC CIVIL NO. 3RC11-1-132)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

This case involves the possession of certain
residential real property in Hilo, Hawai‘i ("Property"), owned by
Plaintiff-Appellee Federal National Mortgage Association ("FNMA")
pursuant to a Mortgagee's Quitclaim Deed Pursuant to a Power of
Sale that was recorded in the State of Hawai‘i, Bureau of
Conveyances, on December 2, 2010.

On February 7, 2011, FNMA filed an ejectment action in
the District Court of the Third Circuit ("District Court")
against Defendants-Appellants Jessie C.M. Gacula and Helen L.
Gacula ("the Gaculas"), stating that the Gaculas or an occupant
on their behalf was occupying the Property without the consent or
permission of FNMA.  On May 13, 2011, FNMA and the Gaculas agreed
to withdraw their respective motions for summary judgment and the
motion to dismiss the complaint.  In turn, the Gaculas agreed to
the entry of a judgment for possession in favor of FNMA
("Judgment") and to the issuance of a writ of possession ("Writ")
in exchange for FNMA agreeing that the Judgment and the Writ
would be "on hold" for forty-five days to allow the Gaculas to

either vacate the Property or obtain a loan to repurchase it. On July 1, 2011, the District Court[1] issued the Judgment and the Writ.

On July 15, 2011, the Gaculas appealed from both the Judgment and the Writ. On appeal, the Gaculas allege that the District Court erred in that (1) it lacked jurisdiction over the renter of the Property, Mitchell Gacula ("Mitchell"), and (2) it failed to join Mitchell as an indispensable party under Hawai‘i Rules of Civil Procedure ("HRCP") Rule 19.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Gaculas's points as follows:

(1) The Gaculas lack standing to raise the issue of the District Court's alleged lack of personal jurisdiction over Mitchell. Generally, the requirements of standing to appeal are:

> (1) the person must first have been a party to the action; (2) the person seeking modification of the order or judgment must have had standing to oppose it in the [trial] court; and (3) such person must be aggrieved by the ruling, *i.e.*, the person must be *the one who is affected or prejudiced by the appealable order.*

*Hawaii Ventures, LLC v. Otaka, Inc.*, 114 Hawai‘i 438, 506, 164 P.3d 696, 764 (2007) (original emphasis omitted) (quoting *Kepo‘o v. Watson*, 87 Hawai‘i 91, 95, 952 P.2d 379, 383 (1998)).

"The defense of a lack of personal jurisdiction based on due process *is a personal right* and can be waived." *Rearden Family Trust v. Wisenbaker*, 101 Hawai‘i 237, 247, 65 P.3d 1029, 1039 (2003) (emphasis added). The Gaculas challenge the judgment as it applies to Mitchell. In doing so, however, they attempt to assert Mitchell's "personal right" and fail to show how *they* were "*the one[s] who [were] affected or prejudiced . . . [,]*" as required to establish standing. *Hawaii Ventures*, 114 Hawai‘i at 506, 164 P.3d at 764 (emphasis added). Absent a showing of prejudice stemming from the District Court's alleged lack of personal jurisdiction over Mitchell, the Gaculas do not have standing to challenge the District Court's Judgment and Writ on

---

[1] The Honorable Harry P. Freitas presided.

that basis.

(2) There is nothing in the record, or in the parties' briefs, indicating that joining Mitchell as an indispensable party under HRCP Rule 19 or otherwise was ever raised as an issue to the District Court. "Legal issues not raised in the trial court are ordinarily deemed waived on appeal." *Assoc. of Apt. Owners of Wailea Elua v. Wailea Resort Co.*, 100 Hawai'i 97, 107, 58 P.3d 608, 618 (2002). It has been well-established, however, that "the 'absence of indispensable parties can be raised at any time even by a reviewing court on its own motion.'" *Marvin v. Pflueger*, 127 Hawai'i 490, 503, 280 P.3d 88, 101 (2012) (quoting *Haiku Plantations Ass'n v. Lono*, 56 Haw. 96, 103, 529 P.2d 1, 5 (1974)); *Mossman v. Hawaiian Trust Co.*, 45 Haw. 1, 14, 361 p.2d 374, 382 (1961) ("The matter of indispensable parties is so vital that an appellate court, *sua sponte*, if necessary, may consider it although the point was not raised in the trial court." (internal quotation marks and citation omitted)).

Accordingly, we turn to the question of whether Mitchell was an indispensable party in the underlying proceedings. If a person has not been, but should be, joined in a particular action, then "the court shall order that the person be made a party." Haw. R. Civ. P. 19(a) (2000). The first step in this analysis is determining whether Mitchell is a "necessary party." *Pflueger*, 127 Hawai'i at 524, 280 P.3d at 122. Pursuant to the Hawai'i Rules of Civil Procedure ("HRCP"), a person is a "necessary party" if

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (A) as a practical matter impair or impede the person's ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Haw. R. Civ. P. 19(a).

As to HRCP Rule 19(a)(1), in Mitchell's absence, "complete relief" could be, and was, "accorded among those already parties." Haw. R. Civ. P. 19(a)(1). The rights in the Property were fully resolved as between the Gaculas and FNMA by the issuance of the Judgment and the Writ.

3

As to subpart (2), disposition of the action in Mitchell's absence neither impaired nor impeded his ability to protect his interest, or left any of the existing parties subject to "substantial risk of incurring double, multiple, or otherwise inconsistent obligations". Haw. R. Civ. P. 19(a)(2). Nothing about the Judgment and the Writ impaired Mitchell's ability to bring an action to challenge his eviction from the Property on the basis of his tenancy. Moreover, because resolution of Mitchell's interest as a tenant was a separate issue from the ownership of the Property, there was also no risk of any "double, multiple, or otherwise inconsistent obligations" to either party." Haw. R. Civ. P. 19(a)(2). Furthermore, Mitchell appears entitled to no relief under the Protecting Tenants at Foreclosure Act because he is the "child of the mortgagor." In sum, FNMA was established as owner of the Property and the Gaculas's interest was terminated.

Since Mitchell was not a "necessary party", we need not further consider whether he was an indispensable party under HRCP Rule 19(b). Therefore, on de novo review of the joinder issue, we conclude that it was not necessary to add Mitchell as a party to the underlying action.

Therefore,

IT IS HEREBY ORDERED that the Judgment for Possession and Writ of Possession, entered in the District Court of the Third Circuit on July 1, 2011, are affirmed.

DATED: Honolulu, Hawai'i, June 30, 2014.

On the briefs:

Harry Eliason
for Defendants-Appellants.

Charles R. Prather and
Sofia M. Hirosane
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4